UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELLEY H. PROVOSTY                                     CIVIL ACTION

VS.                                                                          NO. 2:15-cv-2435

UNUM LIFE INSURANCE COMPANY OF AMERICA

**COMPLAINT**

The Complaint of Shelley H. Provosty respectfully alleges:

1. This is a claim for long term disability benefits.

2. This Court has jurisdiction and venue under 28 U.SC. Sec. 1332 as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Plaintiff, **Shelley H. Provosty**, of lawful age and a resident of Metairie, Louisiana, is a policy owner and beneficiary of an individual insurance policy, No. 66-7418442, issued by UNUM Life Insurance Company.

4. Defendant, **UNUM Life Insurance Company ("UNUM"),** is a foreign insurance company authorized and doing business in Louisiana.

5. Plaintiff filed a claim for disability benefits because her medical condition precluded her from continuing to perform the duties of her job on a fulltime basis.

6. Unum's policy provides disability benefits for total disability in the amount of $4,107.

7. Unum determined that Plaintiff is totally disabled but only paid a benefit of $300 per month, asserting that in order to receive an additional $3,807 per month Plaintiff would have to be catastrophically disabled.

8. Unum's definition of total disability is more restrictive than what is allowed in this state, as La. R.S. 22:990 provides that a definition of total disability in an insurance policy may

not be more restrictive than one requiring the individual to be totally disabled from engaging in any employment or occupation for which the insured is, or becomes, qualified by reason of education, training, or experience and which provides the insured with substantially the same earnings.

9. Unum's definition of catastrophic disability requires one to be "cognitively impaired and … receiving physician's care . . . or ADL disabled. Cognitively impaired is further defined in the policy as a "deterioration or loss in your intellectual capacity which requires another person's assistance or verbal cueing to protect yourself or others as measured by clinical evidence and standardized tests which reliably measure your impairment."

10. Unum determined that Plaintiff was unable to work due to her medical condition but denied that Plaintiff was catastrophically disabled, as its reviewing physician determined that Plaintiff's need for assistance did not trigger coverage under policy terms.

11. Because Unum's definition of disability conflicts with La. R.S. 22:990, the definition of catastrophic disability must be amended to meet the minimum requirements of that law, pursuant to the policy's "Conformity With State Statutes" provision. Thus, in order to receive the catastrophic disability benefit, Plaintiff must be "totally disabled from engaging in any employment or occupation for which [s]he is, or becomes, qualified by reason of education, training, or experience and which provides [her] with substantially the same earning capacity as [her] former earning capacity prior to the start of the disability."

12. Plaintiff clearly meets the standard for total disability, as she has been unable to perform the material and substantial duties of her occupation since October 8, 2011 due to her medical condition, and there are no alternative jobs that she would qualify for given her

age, education, background, training, and experience that would provide her with substantially the same earnings capacity.

13. Further, even if Unum's definition of catastrophic disability is not amended to meet the minimum standards of La. R.S. 22:990, Plaintiff is catastrophically disabled under policy terms and therefore entitled to benefits under this provision.

14. At the very least, Unum's definition of catastrophically disabled is ambiguous and such an ambiguity must be construed to provide coverage under the policy.

15. Plaintiff is therefore entitled to the full amount of her disability benefits provided by her policy, both retroactively and prospectively, plus interest.

16. Unum has refused to pay this claim within 30 days after receiving proof of loss that a reasonably prudent businessperson would deem sufficient to pay this claim.  Plaintiff is therefore entitled to penalties of double the amount of back benefits plus attorney fees pursuant to penalty statutes in the Louisiana Insurance Code, including <u>La. R.S. 22:1821(A)</u>.

17. UNUM administered Plaintiff's claim with an inherent and structural conflict of interest as UNUM is liable to pay benefits from its own assets to Plaintiff, and each payment depletes UNUM's assets.

18.  UNUM chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

19. As a routine business practice, UNUM uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

20. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

21. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;
2. For all reasonable attorney fees;
3. For penalties under La. R.S. 22:1821.
4. For trial by jury;
5. For costs of suit; and
6. For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
James F. Willeford (La. 13485)
Reagan L. Toledano (La. 29687)
Shane Pendley (La. 34023)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170
(504) 582-1286; (f) (313)692-5927
rtoledano@willlefordlaw.com

4